Entered on Docket
May 10, 2005
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed: May 09, 2005

_____
LESLIE TCHAIKOVSKY
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>MICHAEL ROBERT BOEHRER, and<br>JENNIFER LYNN BOEHRER,<br><br>       Debtors.<br>_____/ | No. 96-47887 TR<br>Chapter 7 |
| MICHAEL ROBERT BOEHRER<br><br>       Plaintiff,<br><br>  vs.<br><br>ROBERT I. BOEHRER, etc.,<br><br>       Defendant.<br>_____/ | A.P. No. 04-4299 AT |
| ROBERT I. BOEHRER, etc.,<br><br>       Counterclaimant,<br><br>  vs.<br><br>WILLIAM BROACH, Chapter 7<br>Trustee,<br><br>       Counterdefendant.<br>_____/ | |

**MEMORANDUM OF DECISION**

In this adversary proceeding, William Broach (the "Trustee"), the chapter 7 trustee in the above-captioned case, seeks authorization to sell certain real property (the "Property") in which the estate claims a half-interest free and clear of the

interest of a co-owner. Alternatively, the Trustee seeks to partition the Property under California law. The Trustee filed a motion for summary judgment on the first of these two claims. The co-owner, Robert Boehrer ("Robert"), the father of the above-captioned debtor (the "Debtor"), opposed the motion. For the reasons stated below, the motion for summary judgment will be granted.

## DISCUSSION

**A. STANDARDS GOVERNING MOTIONS FOR SUMMARY JUDGMENT**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of establishing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party meets this burden, the nonmoving party must go beyond the pleading and identify facts demonstrating a genuine issue for trial. Id. at 324.

Summary judgment should be entered against a "party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Id. at 322. The nonmoving party has a duty to present affirmative evidence in order to defeat a properly supported motion for summary judgment.

2

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248.

**B. STATEMENT OF UNDISPUTED FACTS**

Prior to 1992, title to the Property was held in equal parts by Robert and the two children of Robert's former wife, Denise and Craig. In 1992, Robert, Denise, and Craig executed a grant deed (the "1992 Grant Deed"), transferring title to the Property in equal parts to Robert and the Debtor, Robert's biological son. The Debtor filed a chapter 7 bankruptcy petition in September 1996. He did not list his interest in the Property in his bankruptcy schedules. It is undisputed that, at that time, he held a fifty percent record title interest in the Property. His bankruptcy case was closed in February 2004.

In 2004, the Debtor filed an action in state court against Robert, seeking to partition the Property. During the course of discovery, the Debtor's failure to schedule his interest in the Property was revealed. The bankruptcy case was reopened, the action was removed to bankruptcy court, and a claim for sale of the Property pursuant to 11 U.S.C. § 363(h) was added to the complaint (the "Complaint").[1]

---

[1] If a property interest is duly scheduled and the trustee does not administer it, the property is deemed abandoned to the debtor when the case is closed. However, if the property interest is not scheduled, it remains property of the estate

3

Between the filing of the Debtor's bankruptcy case in 1992 and the reopening of the case, two additional deeds were executed and recorded affecting title to the Property. In 1999, the Debtor executed a deed (the "1999 Grant Deed"), transferring his interest in the Property to Robert and Denise. In 2002, Denise executed a deed (the "2002 Grant Deed"), transferring her interest in the Property to the Debtor.[2]

**C. ARGUMENT**

The Trustee contends that, in 1992, when the bankruptcy case was filed, the Debtor owned a fifty percent interest in the Property as reflected in the way legal title was held. The Trustee bases his contention on two legal theories. First, he notes that, under California law, there is a presumption that equitable ownership in property is consistent with the way in which legal title is held. This presumption can only be overcome by clear and convincing evidence to the contrary. Cal. Evidence

---

despite the fact that the case has been closed. 11 U.S.C. § 554(c),(d).

[2] In his deposition, excerpts of which were provided by Robert, the Debtor stated that the purpose of this transfer was to facilitate a refinance of the secured debt on the Property. The Debtor's bad credit history was purportedly interfering with the refinance. Since any interest of the Debtor in the Property was still property of his chapter 7 estate at that time, the purported transfer of that interest by the Debtor pursuant to the 1999 Grant Deed was void. See 11 U.S.C. § 362(a)(3); In re Donpedro, 2004 WL 3187072, **2-3 (Bankr. N.D. Cal.).

4

Code § 662; Schindler v. Schindler, 126 Cal. App. 2d 597, 601-02 (1954).[3]

Second, the Trustee asserts that, pursuant to 11 U.S.C. § 544(a)(3), he may assert the rights of a bona fide purchaser of real property as of the petition date to avoid any unrecorded interest of Robert in the remaining portion of the Property. This Memorandum only addresses the first of these two arguments.[4]

To the contrary, Robert argues that, in 1996, when the Debtor's bankruptcy case was filed, the Debtor held bare legal title to fifty percent of the Property and that he had no equitable interest in the Property. First, Robert contends that he had an agreement with all three children that, regardless of how legal title was held, they would only acquire an equitable interest in the Property by remaining on the Property and assisting him financially. They would lose any equitable interest in the Property if they moved out.[5]

---

[3] See Weaver v. Weaver, 224 Cal. App. 3d 478, 487 (1990), quoting from Sheean v. Sullivan, 126 Cal. 189, 193 (1899), (describing the "clear and convincing" standard as requiring evidence that is "'sufficiently strong to command the unhesitating assent of every reasonable mind.'")

[4] Because the Trustee had not pleaded an avoidance claim, the Court agreed to address the Trustee's argument under California law first. If this argument was unsuccessful, the Court would then give the Trustee an opportunity to amend the Complaint to add an avoidance claim. Because the Court concludes that the Trustee is entitled to prevail on his first legal theory, this will not be necessary.

[5] The Debtor's deposition testimony supports this contention to some extent. He testified that, from the time he, Denise,

5

Second, Robert contends that the Debtor "cashed out" any equitable interest in the Property in 1995, when he received approximately $53,000 in loan proceeds. Robert claims that the Debtor used the funds to purchase a residence for his family.[6] This version of the facts is supported by Robert's declaration filed in support of his opposition to the motion and by his answers to interrogatories. These two theories are logically inconsistent. If Robert believed that the Debtor had no equitable interest in the Property, it would make no sense for him to give the Debtor $53,000 in loan proceeds for a debt that would encumber the Property.

**D. DECISION**

---

and Craig were "little kids," Robert told them that they each would receive 5 acres of the Property: i.e., approximately one-quarter of the Property. As a result, he took their paychecks while they lived on the Property. For some reason, neither party has established when Denise and Craig were put on title to the Property although the Trustee asserted in his reply brief (page 3, line 10) that, in 1992, Denise and Craig had been on title for ten years.

[6]In his declaration, the Debtor stated that he did not receive any portion of the loan proceeds in 1995 and that Robert's version of the facts made no sense since the Debtor purchased his home in 1992 or 1993. In response, Robert stated that he had actually loaned the Debtor $20,000 at the time the home was purchased, that he loaned him an additional $30,000 in 1995, and that the $53,000 represented a consolidation of the two loans. In his deposition testimony, excerpts of which were provided by Robert, the Debtor admitted receiving some money from Robert at the time he purchased his residence. However, he stated that these funds were gifted to him, in recognition that Denise had received substantial financial support for her higher education.

6

The evidence summarized above clearly establishes a genuine issue of material fact with regard to the ownership of the Property. Absent the presumption created by Cal. Evidence Code § 662, the Court would deny the Trustee's motion and set the matter for trial unless the proceeding could be resolved without trial pursuant to the Trustee's as yet unpleaded avoidance theory. However, the presumption created by Cal. Evidence Code § 662 places a heavy burden of proof on Robert which the evidence presented does not come close to meeting. Consequently, the motion for summary judgment will be granted.

Counsel for the Trustee is directed to submit a proposed form of order and judgment in accordance with this decision. The judgment form should address the disposition of the partition claim.

END OF DOCUMENT

COURT SERVICE LIST

Samuel S. Goldstein
Samuel S. Goldstein & Associates
1646 N. California Blvd., Ste. 550
Walnut Creek, CA 94596

Christopher R. Lucas
Law Office of Goforth & Lucas
2300 Clayton Rd., Ste. 1460
Concord, CA 94520

Charles Maher
Luce, Forward, Hamilton & Scripts
121 Spear St., Ste. 200
San Francisco, CA 94105

Alan Sternberg
1646 N. California Blvd., Ste. 550
Walnut Creek, CA 94596